IN THE MUNICIPAL COURT
CHILLICOTHE, OHIO



**RONALD A. NICHOLS,**
1873 Marietta Road
Chillicothe, Ohio 45601

    Plaintiff,

    vs.

**ADENA HEALTH SYSTEM,**
272 Hospital Road
Chillicothe, Ohio 45601

    and

**COLUMBUS RADIOLOGY CORP. D/B/A ADENA
RADIOLOGY,**
471 East Broad Street, Suite 1500
Columbus, Ohio 43215

    and

**FIRST FEDERAL CREDIT CONTROL, INC.,**
c/o Norman Shafran, Statutory Agent
24700 Chagrin Boulevard, Suite 205
Cleveland, Ohio 44122

    and

**SYNERPRISE CONSULTING SERVICES, INC.,**
c/o CT Corporation System, Statutory Agent
1300 East Ninth Street
Cleveland, Ohio 44114

    and

**JP RECOVERY SERVICES, INC.,**
c/o CT Corporation System, Statutory Agent
1300 East Ninth Street
Cleveland, Ohio 44114

    and

**CHOICE RECOVERY, INC.,**
c/o Chad Silverstein, Statutory Agent
1550 Old Henderson Road, Suite 100
Columbus, Ohio 43220

    and

JAN 2 4 2017

TINA E. LARGE, CLERK
CHILLICOTHE MUNICIPAL COURT
CHILLICOTHE, OHIO

Case No.: 17 CVF125

Judge _____

**COMPLAINT**

**CHOICE RECOVERY, LLC,**
c/o Chad Silverstein, Statutory Agent
1550 Old Henderson Road, Suite 100
Columbus, Ohio 43220

    Defendants.

## PARTIES, JURISDICTION, AND VENUE

 **1.** Plaintiff, Ronald A. Nichols (hereinafter "Plaintiff"), is and, at all times relevant herein, was a resident of Ross County, Ohio.

 **2.** Defendant, Adena Health System (hereinafter "Adena"), is and, at all times relevant herein, was a corporation organized under the laws of the State of Ohio, that conducts business in the State of Ohio, and has its principal place of business in Chillicothe, Ohio.

 **3.** Defendant, Columbus Radiology Corp. d/b/a Adena Radiology (hereinafter "Columbus Radiology"), is and, at all times relevant herein, was a corporation organized under the laws of the State of Ohio, that conducts business in the State of Ohio, and who does business under the name of Adena Radiology in Chillicothe, Ohio.

 **4.** Defendant, First Federal Credit Control, Inc., is and, at all times relevant herein, was a corporation organized under the laws of the State of Ohio, that conducts business in the State of Ohio, and has its principal place of business in the State of Ohio.

 **5.** Defendant, Synerprise Consulting Services, Inc. is and, at all times relevant herein, was a corporation organized under the laws of the State of Texas and that conducts business in the State of Ohio.

 **6.** Defendant, JP Recovery Services, Inc., is and, at all times relevant herein, was a corporation organized under the laws of the State of Ohio, that conducts business in the State of Ohio, and has its principal place of business in the State of Ohio.

 **7.** Defendant, Choice Recovery, Inc., is and, at all times relevant herein, was a corporation organized under the laws of the State of Ohio, that conducts business in the State of Ohio, and has its principal place of business in the State of Ohio.

2

**8.** Defendant, Choice Recovery, LLC, is and, at all times relevant herein, was a corporation organized under the laws of the State of Ohio, that conducts business in the State of Ohio, and has its principal place of business in the State of Ohio.

**9.** Jurisdiction is proper pursuant to R.C. 1345.04 and R.C. 2307.382.

**10.** Venue is proper pursuant to Civ R. 3(B)(1), (2), (3), (6), and/or (7).

### FACTS COMMON TO ALL CLAIMS

**11.** Plaintiff reaffirms every allegation set forth above and incorporates them as if fully restated herein.

**12.** On or about February 18, 2012, Plaintiff went to the Adena Regional Medical Center's Emergency Department for complaints involving kidney stones.

**13.** On or about February 18, 2012, Defendant, Columbus Radiology, by and through its employees and/or agents, performed a CT scan of Plaintiff's abdomen and pelvis areas.

**14.** On or about February 18, 2012, Plaintiff was directed to schedule a surgery with Defendant, Adena, in order to have the kidney stone removed. That surgery was scheduled to take place on March 17, 2012.

**15.** Pursuant to its own policies as well as its contracts with Plaintiff's health insurance carrier, Anthem Blue Cross Blue Shield (hereinafter "Anthem"), Defendant, Columbus Radiology, was required to directly bill Anthem for Plaintiff's CT scan.

**16.** Defendant, Columbus Radiology's, policy was set forth in a letter that it sent to the Plaintiff on July 19, 2012 and elsewhere.

**17.** However, Defendant, Columbus Radiology, individually and/or by and through its employees and/or agents, failed to properly and timely submit the bill for Plaintiff's CT scan to Anthem. As a result, Anthem never paid any portion of the bill for Plaintiff's CT scan.

**18.** After applying an adjustment of $50.85, Defendant, Columbus Radiology, charged $202.15 for Plaintiff's CT scan. *See* Adena Radiology Bill dated April 5, 2013, a copy of which is attached hereto as Exhibit "A".

3

**19.** Despite Defendant, Columbus Radiology's, failure to properly and timely submit the bill for Plaintiff's CT scan to Anthem, Plaintiff has paid at least $75.00 towards the bill, leaving a balance of $127.15 owed to Defendant Columbus Radiology. *See* Exhibit "A".

**20.** Thereafter, Defendant, Columbus Radiology, transferred the alleged debt regarding Plaintiff's CT scan to Defendant, First Federal Credit Control, Inc. for collection.

**21.** Defendant, First Federal Credit Control, Inc., claimed and continues to claim that Plaintiff owes a balance of $202.15 and has attempted to collect that amount from the Plaintiff, despite the fact that Defendant, Columbus Radiology, failed to properly and timely submit the bill for Plaintiff's CT scan to Anthem.

**22.** Defendant, First Federal Credit Control, Inc., claimed and continues to claim that Plaintiff owes a balance of $202.15 and has attempted to collect that amount from the Plaintiff, despite the fact that $202.15 is not the current balance of the bill based upon the fact that Plaintiff has paid $75.00 towards the bill. *See* Exhibit "A".

**23.** Defendant, First Federal Credit Control, Inc., claimed and continues to claim that Plaintiff owes a balance of $202.15 and has attempted to collect that amount from the Plaintiff, despite the fact that Defendant, Columbus Radiology, wrote off $127.15 of the bill on or about September 16, 2013.

**24.** Defendants, Columbus Radiology and First Federal Credit Control, Inc., have attempted to collect the alleged debt regarding Plaintiff's CT scan by sending letters and notices to the Plaintiff and by making harassing phone calls to the Plaintiff and others regarding the alleged debt and the collection of the alleged debt.

**25.** Defendants, Columbus Radiology and First Federal Credit Control, Inc., have misrepresented their policies and procedures regarding the payment of alleged debts, failed to comply with their policies and procedures regarding the submission of alleged debts to Anthem for payment, and failed to comply with their obligations under their respective contracts with Anthem.

**26.** Defendants, Columbus Radiology and First Federal Credit Control, Inc., have misrepresented the amount of the alleged debt and Plaintiff's obligations to pay the alleged debt.

4

**27.** Defendants, Columbus Radiology, First Federal Credit Control, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, have reported the alleged debt to credit reporting agencies, including Trans Union, Experian, and/or Equifax, which has directly and proximately affected Plaintiff's credit rating, thereby preventing Plaintiff from obtaining credit accounts or loans and/or causing Plaintiff to receive higher interest rates on accounts and loans that have been opened since the alleged debt was reported to these credit reporting agencies.

**28.** Meanwhile, on or about March 13, 2012, Plaintiff was scheduled to have surgery for the removal of a kidney stone by Defendant, Adena.

**29.** However, after the kidney stone could not be located, Defendant, Adena, cancelled Plaintiff's surgery, and the surgery was never performed by Defendant, Adena, or anyone else.

**30.** Nevertheless, Defendant, Adena, billed Plaintiff and Anthem for the total cost of the surgery that was never performed, which was $12,576.88.

**31.** Despite the fact that Plaintiff repeatedly contacted Defendant, Adena, by and through its employees and/or agents, to express that he was upset for being billed for services that had not been performed and to request Defendant, Adena, to correct its billing for any services performed on or about March 13, 2012, it took Defendant, Adena, over four (4) months to adjust its bill for such services.

**32.** On or about September 6, 2012, Plaintiff asked Defendant, Adena, to consolidate all of his medical accounts, so that he could make one (1) monthly payment to pay towards all of his medical bills. After consolidating his accounts, Plaintiff owed a balance of $202.25 to Defendant, Adena. *See* Adena Itemization dated April 8, 2016, a copy of which is attached hereto as Exhibit "B".

**33.** On or about September 6, 2012, Plaintiff and Defendant, Adena, agreed to a payment plan whereby Plaintiff would make one (1) monthly payment of $25.00 towards all of his medical bills, beginning on October 15, 2012.

**34.** On or about October 23, 2012, Plaintiff made a payment of $25.00 to Defendant, Adena.

**35.** Despite the fact that his second payment was not yet due, Defendant, Adena, by and through its employees and/or agents, contacted Plaintiff for additional payments on or about November 6, 2012, indicating that amounts were currently overdue.

**36.** On or about November 20, 2012, Plaintiff made a payment of $25.00 to Defendant, Adena, leaving a balance of $152.25 owed to Defendant, Adena.

**37.** Thereafter, Defendant, Adena, transferred the alleged debt regarding services rendered to the Plaintiff on March 13, 2012 to Defendants, Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and Choice Recovery, LLC, for collection.

**38.** Defendant, Synerprise Consulting Services, Inc., claims that Plaintiff owes a balance of $1,154.00 relative to the services provided by Defendant, Adena, on March 13, 2012 and has attempted to collect that amount from the Plaintiff, despite the fact that Plaintiff owes, at the very most, a balance of $152.25 for the services rendered by Defendant, Adena, on March 13, 2012.

**39.** Defendant, JP Recovery Services, Inc., claims that Plaintiff owes a balance of $168.85 relative to the services provided by Defendant, Adena, on March 13, 2012 and has attempted to collect that amount from the Plaintiff, despite the fact that Plaintiff owes, at the very most, a balance of $152.25 for the services rendered by Defendant, Adena, on March 13, 2012.

**40.** Defendants, Choice Recovery, Inc. and/or Choice Recovery, LLC, claim that Plaintiff owes a balance of more than $152.25 for the services rendered by Defendant, Adena, on March 13, 2012 and has attempted to collect more than that amount from the Plaintiff.

**41.** On or about May 7, 2013 and May 16, 2013, Plaintiff contacted Defendant, Synerprise Consulting Services, Inc., by phone and by letter, to dispute the alleged debt and the amount of the alleged debt.

**42.** Defendants, Adena, Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, have attempted to collect the alleged debt regarding the services rendered by Defendant, Adena, on March 13, 2012, by sending letters and notices to the Plaintiff and by making harassing phone calls to the Plaintiff and others regarding the alleged debt and the collection of the alleged debt.

6

**43.** Defendants, Adena, Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, have misrepresented their policies and procedures regarding the payment of alleged debts, failed to comply with their policies and procedures regarding the submission of alleged debts to Anthem for payment, failed to comply with their obligations under their respective contracts with Anthem, and failed to comply with their agreements with Plaintiff.

**44.** Defendants, Adena, Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, have misrepresented the amount of the alleged debts and Plaintiff's obligations to pay the alleged debts.

**45.** Defendants, Adena, Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, have reported the alleged debt to credit reporting agencies, including Trans Union, which has directly and proximately affected Plaintiff's credit rating, thereby preventing Plaintiff from obtaining credit accounts and loans and/or causing Plaintiff to receive higher interest rates on accounts and loans that have been opened since the alleged debt was reported to these credit reporting agencies.

### FIRST CLAIM FOR RELIEF
### (R.C. 1751.60)

**46.** Plaintiff reaffirms every allegation set forth above and incorporates them as if fully restated herein.

**47.** At all times relevant herein, Defendants, Adena and Columbus Radiology, each constituted a "health care facility" or "provider" as defined in R.C. 1751.01(L) and (Y) respectively.

**48.** At all times relevant herein, the care and services that Defendants, Adena and Columbus Radiology, provided to Plaintiff were "basic health care services" as defined in R.C. 1751.01(A)(1).

**49.** At all times relevant herein, Plaintiff had health insurance coverage through Anthem Blue Cross Blue Shield (hereinafter "Anthem"), which is a "health insuring corporation" as defined in R.C. 1751.01(O).

**50.** At all times relevant herein, Defendants, Adena and Columbus Radiology, had one or more contracts with Anthem to provide health care services to Anthem's enrollees or subscribers, including the Plaintiff.

7

**51.** Pursuant to R.C. 1751.60, Defendants, Adena and Columbus Radiology, were required to seek compensation solely from Anthem for any covered services rendered to the Plaintiff.

**52.** Pursuant to R.C. 1751.60, Defendants, Adena and Columbus Radiology, were prohibited from seeking compensation from the Plaintiff for any covered services rendered to the Plaintiff, except for approved copayments and deductibles.

**53.** Pursuant to each contract between Defendants, Adena and/or Columbus Radiology, and Anthem, that was in effect at all times relevant herein, and to which Plaintiff was an intended third-party beneficiary of each such contract, the Defendants, Adena and/or Columbus Radiology, were required to seek compensation solely from Anthem for any covered services rendered to the Plaintiff and were prohibited from seeking compensation from the Plaintiff for any covered services rendered to the Plaintiff, except for approved copayments and deductibles.  Plaintiff is unable to attach a copy of each such contract between Anthem and Defendants, Adena and/or Columbus Radiology, as Plaintiff is not in possession of a copy of any such contract.

**54.** Contrary to R.C. 1751.60 and their contracts with Anthem, Defendants, Adena and Columbus Radiology, sought compensation from the Plaintiff for covered services rendered, or claimed to have been rendered, to the Plaintiff.

**55.**  As a direct and proximate result of Defendants, Adena and Columbus Radiology's, violations of R.C. 1751.60 and/or breaches of their contracts with Anthem, to which Plaintiff was an intended third-party beneficiary, Plaintiff sustained economic and non-economic damages; that he was assessed higher rates of interest on transactions due to the Defendants' failure to properly submit bills to Anthem as well as Defendants' debt collection and credit reporting activities; that he was prevented from transacting his business; that he suffered humiliation and embarrassment and damage to his reputation; that he suffered great mental pain and anguish and the loss of enjoyment of life; that he was unable to perform his usual activities and live a normal way of life; and that he has incurred out-of-pocket expenses, including costs for obtaining his records and bills, court costs herein, and attorney fees.

8

## SECOND CLAIM FOR RELIEF
### (Ohio Consumer Sales Practices Act – R.C. 1345.01 et seq.)

**56.** Plaintiff reaffirms every allegation set forth above and incorporates them as if fully restated herein.

**57.** At all times relevant herein, Plaintiff was a "consumer" as defined in R.C. 1345.01(D).

**58.** At all times relevant herein, Defendants, Adena and Columbus Radiology, were each a "supplier" as defined in R.C. 1345.01(C).

**59.** At all times relevant herein, Defendants, Adena and Columbus Radiology, each engaged in "consumer transactions", as defined in R.C. 1345.01(A), with the Plaintiff.

**60.** At all times relevant herein, Defendants, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, were suppliers as defined in R.C. 1345.01(C) and engaged in the business of effecting consumer transactions, either directly or indirectly with the Plaintiff, by enforcing or attempting to enforce the payment of debts allegedly owed by the Plaintiff, which arose from consumer transactions as defined in R.C. 1345.01(A).

**61.** Pursuant to R.C. 1345.02, no supplier shall commit an unfair and/or deceptive act and/or practice in connection with a consumer transaction.

**62.** Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, committed unfair and/or deceptive acts and/or practices in connection with the above-referenced consumer transactions in violation of R.C. 1345.02, including, but not limited to, the following unfair and/or deceptive acts and/or practices:

> a. Defendants represented that the subject of the consumer transactions with the Plaintiff has performance characteristics, uses, or benefits that it does not have, in violation of R.C. 1345.02(B)(1);
>
> b. Defendants represented that the subject of the consumer transactions with the Plaintiff was of a particular standard, quality, grade, or prescription, when it was not, in violation of R.C. 1345.02(B)(2);

      c.   Defendants represented that the subject of the consumer transactions with the Plaintiff has been supplied, when it has not been supplied or had not been supplied, in violation of R.C. 1345.02(B)(5);

      d.   Defendants represented that a specific price advantage exists, when it does not or when the Defendants have not applied such a specific price advantage, in violation of R.C. 1345.02(B)(8);

      e.   Defendants engaged in conduct the natural consequence of which was to harass the Plaintiff in connection with the collection of an alleged debt;

      f.   Defendants repeatedly or continuously contacted Plaintiff to collect an alleged debt after Plaintiff advised the Defendants that he did not owe the alleged debt;

      g.   Defendants made false, misleading, or deceptive representations in connection with the collection of an alleged debt; and

      h.   Defendants failed comply with the requirements set forth in Ohio law and the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq., for the collection of debts.

**63.** Pursuant to R.C. 1345.03, no supplier shall commit an unconscionable act and/or practice in connection with a consumer transaction.

**64.** Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, committed unconscionable acts and/or practices in connection with the above-referenced consumer transactions in violation of R.C. 1345.03, including, but not limited to, the following unconscionable acts and/or practices:

      a.   Defendants knowingly made misleading statements of opinion on which the Plaintiff was likely to rely, and upon which the Plaintiff did rely, to the Plaintiff's detriment, in violation of R.C. 1345.03(B)(6);

      b.   Defendants knew at the time when the consumer transaction was entered into that the price was substantially in excess of the price at which similar services were readily

obtainable in similar consumer transactions by like consumers, in violation of R.C. 1345.03(B)(2);

c. Defendants knew at the time when the consumer transaction was entered into of the inability of the Plaintiff to receive a substantial benefit from the subject of the consumer transactions, in violation of R.C. 1345.03(B)(3);

d. Defendants have, without justification, refused to make a full refund for services that were charged against the Plaintiff's account, but were not rendered to the Plaintiff, in violation of R.C. 1345.03(B)(7);

e. Defendants have knowingly taken advantage of the inability of the Plaintiff to reasonably protect his interests because of the Plaintiff's ignorance and/or inability to understand the language of agreements related to the consumer transactions, in violation of R.C. 1345.03(B)(1);

f. Defendants engaged in conduct the natural consequence of which was to harass the Plaintiff in connection with the collection of an alleged debt;

g. Defendants repeatedly or continuously contacted Plaintiff to collect an alleged debt after Plaintiff advised the Defendants that he did not owe the alleged debt;

h. Defendants made false, misleading, or deceptive representations in connection with the collection of an alleged debt; and

i. Defendants failed comply with the requirements set forth in Ohio law and the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq., for the collection of debts.

**65.** Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, committed unfair, deceptive, and/or unconscionable acts and/or practices in violation of R.C. 1345.02 and R.C. 1345.03, by using debt collection methods that violate the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq., including, but not limited to, those methods further described under Plaintiff's Fourth Claim for Relief herein.

**66.** Such acts and/or practices have been previously determined by Ohio courts to violate the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

**67.** Defendants committed such acts and/or practices and committed such violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., after such Ohio court decisions regarding such acts, practices, and/or violations were made available for public inspection by the Ohio Attorney General's Office pursuant to R.C. 1345.05(A)(3).

**68.** As a direct and proximate result of Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC's, violations of R.C. 1345.01 et seq., Plaintiff sustained the injuries and damages stated herein.

**69.** Pursuant to R.C. 1345.09(A), Plaintiff may rescind the consumer transaction at issue or recover his actual economic damages plus an amount not exceeding $5,000.00 in non-economic damages, where the violation was an act prohibited by R.C. 1345.02 or R.C. 1345.03.

**70.** Pursuant to R.C. 1345.09(B), Plaintiff may rescind the consumer transaction at issue or recover three (3) times the amount of the Plaintiff's actual economic damages or $200.00, plus an amount not exceeding $5,000.00 in non-economic damages, where the violation was an act or practice declared to be deceptive or unconscionable, either by any rule adopted pursuant to R.C. 1345.05(B)(2) or by any Ohio court, and the consumer transaction at issue took place after the adoption of such rule and/or after the court's decision was made available for public inspection pursuant to R.C. 1345.05(A)(3).

**71.** Pursuant to R.C. 1345.09(F)(2), Plaintiff is also entitled to an award for his reasonable attorney fees, as well as his costs incurred herein.

### THIRD CLAIM FOR RELIEF
### (Fraud)

**72.** Plaintiff reaffirms every allegation set forth above and incorporates them as if fully restated herein.

**73.** Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery,

12

LLC, have made representations of fact to the Plaintiff and other third parties, including credit reporting agencies, including representations regarding the status and amount of the alleged debt, which are false.

74. The false representations or misrepresentations are material to the validity of the alleged debts.

75. Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, have intentionally distorted the truth for the purpose of inducing the Plaintiff and other third parties to rely upon their representations, receiving payment for the alleged debts, and imposing negative credit ratings upon the Plaintiff.

76. Defendants had knowledge of the falsity of their representations to the Plaintiff and other third parties.

77. Defendants made these false representations and/or misrepresentations with knowledge of their falsity and/or with such utter disregard and recklessness as to whether such representations are true or false that knowledge may be inferred.

78. Defendants made these false representations and/or misrepresentations with the intent of misleading the Plaintiff and other third parties into relying upon these false representations and/or misrepresentations.

79. One or more individuals, including the Plaintiff, have justifiably relied on Defendants' false representations and/or misrepresentations.

80. As a direct and proximate result of Defendants' false representations and/or misrepresentations, Plaintiff sustained the injuries and damages stated herein, which were directly and proximately caused by Plaintiff's reliance and the reliance of others on Defendants' false representations and/or misrepresentations.

## FOURTH CLAIM FOR RELIEF
### (Fair Debt Collections Practices Act – 15 U.S.C. 1692 et seq.)

81. Plaintiff reaffirms every allegation set forth above and incorporates them as if fully restated herein.

13

**82.** At all times relevant herein, Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and Choice Recovery, LLC, were "debt collectors" as defined in 15 U.S.C. 1692(a)(6).

**83.** At all times relevant herein, Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and Choice Recovery, LLC, used an instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, as defined in 15 U.S.C. 1692(a)(5), or regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, from individuals in Ross County, Ohio, including the Plaintiff, as well as individuals throughout the State of Ohio and the United States.

**84.** Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, used false, deceptive, and/or misleading representations and/or means in connection with the collection of the alleged debts in violation of 15 U.S.C. 1692e, including, but not limited to, the following false, deceptive, and/or misleading representations and/or means:

> a. Defendants made false, deceptive, and/or misleading representations regarding the character, amount, and legal status of the alleged debts, in violation of 15 U.S.C. 1692e(2)(A);
>
> b. Defendants made false, deceptive, and/or misleading representation of services rendered to the Plaintiff, in violation of 15 U.S.C. 1692e(2)(B);
>
> c. Defendants communicated, or threatened to communicate, to any person credit information which was known, or which should have been known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. 1692e(8);
>
> d. Defendants used false representations and/or deceptive means to collect, or attempt to collect, the alleged debts, in violation of 15 U.S.C. 1692e(10);

14

e.  Defendants failed to disclose in their initial written and oral communications with the Plaintiff that they are attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. 1692e(11);

f.  Defendants failed to disclose in their subsequent written and oral communications with the Plaintiff that the communications were from debt collectors, in violation of 15 U.S.C. 1692e(11);

g.  Defendants have used the names of businesses, companies, and/or organizations other than the true name of the Defendants' businesses, companies, and/or organizations, in violation of 15 U.S.C. 1692e(14);

h.  Defendants engaged in conduct the natural consequence of which was to harass the Plaintiff in connection with the collection of an alleged debt, in violation of 15 U.S.C. 1692d; and

i.  Defendants used unfair and/or unconscionable means to collect, or attempt to collect, the alleged debts from the Plaintiff, in violation of 15 U.S.C. 1692f.

**85.** As a direct and proximate result of Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC's, violations of 15 U.S.C. 1692 et seq., Plaintiff sustained the injuries and damages stated herein.

**86.** Pursuant to 15 U.S.C. 1692k(a), Plaintiff may recover the amount of Plaintiff's actual damages (including economic and non-economic damages), plus an amount not exceeding $1,000.00, for each violation of 15 U.S.C. 1692k, as well as his costs incurred herein and his reasonable attorney fees.

**FIFTH CLAIM FOR RELIEF**
**(Fair Credit Reporting Act – 15 U.S.C. 1681 et seq.)**

**87.** Plaintiff reaffirms every allegation set forth above and incorporates them as if fully restated herein.

**88.** Plaintiff is a consumer, as defined in 15 U.S.C. 1681a(c).

**89.** Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery,

LLC, have negligently and/or willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq, including, but not limited to 15 U.S.C. 1681s(a)(1), (2)(B), and (3).

**90.** As a direct and proximate result of Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC's, violations of 15 U.S.C. 1681 et seq., Plaintiff sustained the injuries and damages stated herein.

**91.** Pursuant to 15 U.S.C. 1681(o), Plaintiff may recover the amount of Plaintiff's actual damages (including economic and non-economic damages), plus his costs incurred herein and his reasonable attorney fees, where the Defendants negligently failed to comply with the requirements of the Fair Credit Reporting Act.

**92.** Pursuant to 15 U.S.C. 1681(n), Plaintiff may recover the amount of Plaintiff's actual damages (including economic and non-economic damages) up to $1,000.00 for each violation of the Fair Credit Reporting Act, plus punitive damages, as well as his costs incurred herein and his reasonable attorney fees, where the Defendants willfully failed to comply with the requirements of the Fair Credit Reporting Act.

**WHEREFORE,** Plaintiff demands judgment on his First Claim for Relief against Defendants, Adena and Columbus Radiology, for compensatory damages in an amount not to exceed $15,000.00, for pre-judgment interest, for post-judgment interest, for his costs incurred herein, for his reasonable attorney fees, and for such other and further relief as this Court deems proper.

**WHEREFORE,** Plaintiff further demands judgment on his Second Claim for Relief against Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, for compensatory damages in an amount not to exceed $15,000.00 (including up to $5,000.00 in non-economic damages), for pre-judgment interest, for post-judgment interest, for his costs incurred herein, for his reasonable attorney fees, and for such other relief as this Court deems proper.

16

**WHEREFORE,** Plaintiff further demands judgment on his Third Claim for Relief against Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, for compensatory damages and punitive damages in an amount not to exceed $15,000.00, for pre-judgment interest, for post-judgment interest, for his costs incurred herein, for his reasonable attorney fees, and for such other relief as this Court deems proper.

**WHEREFORE,** Plaintiff further demands judgment on his Fourth Claim for Relief against Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, for compensatory damages in an amount not to exceed $15,000.00 (including Plaintiff's actual damages and up to $1,000.00 for each of Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq.), for pre-judgment interest, for post-judgment interest, for his costs incurred herein, for his reasonable attorney fees, and for such other relief as this Court deems proper.

**WHEREFORE,** Plaintiff further demands judgment on his Fifth Claim for Relief against Defendants, Adena, Columbus Radiology, First Federal Credit Control, Inc., Synerprise Consulting Services, Inc., JP Recovery Services, Inc., Choice Recovery, Inc., and/or Choice Recovery, LLC, for compensatory damages in an amount not to exceed $15,000.00 (including Plaintiff's actual damages and up to $1,000.00 for each of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.), for pre-judgment interest, for post-judgment interest, for his costs incurred herein, for his reasonable attorney fees, and for such other relief as this Court deems proper.

Respectfully submitted,

**MICHAEL L. BENSON (#0085654)**
**MARK D. TOLLES, II (#0087022)**
**BENSON & SESSER, LLC**
36 South Paint Street
Chillicothe, OH  45601-3238
(740) 773-3600 – Office
(740) 773-3610 – Fax
michael@benson-law.com
mark@benson-law.com
*Attorneys for Plaintiff*