IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald A. Nichols,           :

    Plaintiff,           :

  v.                         :     Case No. 2:17-cv-187
                                :
Adena Health System, et al.,       Magistrate Judge Kemp

    Defendants.          :

ORDER

    This case is before the Court to consider a supplemental filing made concerning the Plaintiff's motion to remand to state court. Based on that filing, the motion will be granted. The explanation for the Court's decision begins with reference to a prior order (Doc. 32) which outlined the issue in this case.

    In that order, the Court noted that although the motion to remand stood unopposed, the Court still had to satisfy itself that remand was statutorily permissible. The basis of the motion was that not all of the defendants had consented to the removal, so that it violated the "rule of unanimity" which is found in 28 U.S.C. §1446(b)(2)(A). That provision requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

    The Court explained the key issue this way:

> According to the docket sheet of the state court, which is attached as an exhibit to the motion to remand, all seven defendants had been served as of the date the notice of removal was filed. The notice was filed on behalf of, and signed by counsel for, three of them – Choice Recovery, Inc., Choice Recovery, LLC, and First Federal Credit Control, Inc. See Doc. 1. However, the

> notice affirmatively represents that it was being filed "with consent of counsel for the remaining defendants...." Id. Under the case law in this Circuit, see Harper v. AutoAlliance Intern., Inc., 392 F.3d 195 (6th Cir. 2004), that would appear to be sufficient to satisfy the "unanimity requirement" found in §1446(b)(2)(A). Some courts have held that corporate parties may express that consent only through counsel, see, e.g., Polston v. Millennium Outdoors, LLC, 2017 WL 878230 (E.D. Ky. March 6, 2017), but the notice filed in this case represents that the consent came from counsel, so that does not appear to be an issue here, at least on the basis of the current record.
>
> Some of the non-removing defendants have affirmatively indicated their consent to the removal. See Docs. 21 and 22, in which Adena Health Systems and JP Recovery Services do so. Neither Columbus Radiology Corporation, which has not appeared in the case, nor Synerprise Consulting Services, Inc., which has been voluntarily dismissed, did so, but if consents were obtained from both of those defendants prior to removal, as stated in the notice, that would not seem to matter.

See Doc. 32, at 2-3.

In order to determine the true state of affairs, the Court directed counsel for the removing defendants to advise the Court in some fashion whether proper consent for removal was actually obtained. That filing was made on May 9, 2017, and provides the following additional facts.

Prior to removing the case, counsel for the removing defendants did seek consent to removal from counsel for the other parties. He concluded, based upon the wording of certain filings or docket entries made in the state court, that Charles Ticknor, counsel for Adena Health System, also represented Columbus Radiology. As it turned out, that assumption was incorrect. As a result, he never obtained, prior to removal, consent to the removal from anyone associated with or actually authorized by

Columbus Radiology to consent.  However, counsel also states that after the removal occurred, he received telephone consent to the removal from "a representative of Columbus Radiology."  His declaration is silent on whether that representative was an attorney, and also as to the precise date of the conversation.

Those omissions prevent the Court from having every fact it would like to have in order to decide the motion to remand.  However, the Court does know this.  Columbus Radiology was served on January 31, 2017.  It likely had thirty days to consent to removal starting with date that the three removing defendants were served, which was February 2, 2017.  See, e.g., Bierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999).  In that case, it had until March 4, 2017, to make a timely consent.  Its first consent - assuming that the "representative" to whom counsel spoke had the ability to provide a valid consent - came after removal, which occurred on March 3, 2017.  There is a possibility that if the consent was valid (but see Polston v. Millennium Outdoors, LLC, 2017 WL 878230 (E.D. Ky. March 6, 2017), holding that a corporate party can consent only through counsel), it was timely received, but the record does not affirmatively reflect that.  The notice of removal refers only to the invalid consent solicited from Mr. Ticknor.  The declaration of counsel does not affirmatively describe a timely consent.

The Court recognizes that there is some disagreement about whether there is now a 30-day time limit on consenting to removal.  See, e.g., Couzens v. Donohue, 854 F.3d 508 (8th Cir. 2017).  There is even a disagreement among district courts within the Sixth Circuit.  Compare Columbus Equipment Co. v. RKJ Enterprises, LLC, 2015 WL 5023059, *3 (N.D. Ohio Aug. 24, 2015)(holding that the "the timing of the consent of [other defendants] to the removal of this case is critical to the analysis" of compliance with the rule of unanimity) with Gaynor

v. Miller, 205 F.Supp.3d 935, 940 (E.D. Tenn. 2016)(holding that "§1446(b)(2)(C) does not require such consent to be filed within thirty days..."). Rather than resolve that matter, it is sufficient to say here that there are substantial doubts about the validity of removal, including whether proper consent was ever obtained from Columbus Radiology, which is still unrepresented in this case. Given such doubts and the failure of the record affirmatively to support removal, the Court grants the motion to remand (Doc. 20) and remands this case to the Chillicothe, Ohio Municipal Court.

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge